IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNATHAN L. HILL,

        Petitioner,        Civil No. 05-1292-AA

        v.                      ORDER

CHARLES DANIELS,

        Respondent.

AIKEN, District Judge.

    Petitioner, an inmate at FCI Sheridan, pled guilty to drugs offenses in the Western District of Washington and was sentenced to a 235 month term of imprisonment by U.S. Senior District Judge, Jack E. Tanner.

    Petitioner filed a petition under 28 U.S.C. § 2241 in this court alleging that he is illegally imprisoned in violation of the Confrontation Clause of the United States Constitution, the U.S. Sentencing Guidelines and the Federal

1 - ORDER

Rules of Criminal Procedure. Specifically, petitioner alleges that his sentence "contains a Crawford violation of confrontation, and a Specht violation of due process."

This court must make the threshold determination whether the petition has properly been filed under § 2241, rather than 28 U.S.C. § 2255. If the answer is affirmative, then the determination must be made as to whether the petition should be transferred to the Western District of Washington. Conley v. Crabtree, 14 F.Supp.2nd 1203 (D. Or. 1998).

Petitioner's challenge is directed at the legality of his sentence. Accordingly, that challenge ordinarily must be brought under 28 U.S.C. § 2255, not § 2241. See, Doganiere v. United States, 914 F.2d 165 (9th Cir. 1990); United States v. Giddings, 740 F.2d 770 (9th Cir. 1984). However, petitioner previously filed a § 2255 motion. Therefore, pursuant to the AEDPA, he is prohibited from filing another § 2255 motion unless he first obtains certification from the Circuit Court of Appeals that his motion falls within the category of successive motions authorized by the AEDPA. See, 28 U.S.C. § 2255. Petitioner alleges that he previously sought such certification, but that his request was denied.

Thus, although petitioner cannot pursue his claims in the form of a § 2255 motion, there is authority that *may* allow him to seek relief via § 2241. See, e.g., United States v.

Lorensten, Civ. No. 97-897-St (D. Or. March 25, 1998) (Lorensten II); Davis v. Crabtree, 10 F. Supp 2d 1136 (D. Or. 1998); Triestman v. United States, 124 F.3d 361 (2nd CIr. 1997). This exception has its origins in Bailey v. United States, 516 U.S. 137, 144 (1995), [holding limited by Muscarello v. United States, 118 S.Ct. 1911 (1998)].

To date, this exception to the AEDPA's prohibition upon successive § 2255 motions has been applied only in cases where the petitioner alleges that, in light of the interpretation of 18 U.S.C. § 924(c)(1) announced in Bailey and Muscarello, his conduct did not violate the statute. To deny relief in such instances would raise "serious constitutional questions" concerning the validity of the prohibition upon successive § 2255 motions. Davis v. Crabtree, 10 F. Supp. 2d 1136 (D. Or. 1998); Triestman, 124 F.3d at 377-78.

Although petitioner is not asserting a Bailey claim in the instant petition, there are some similarities. In Bailey, the Supreme Court clarified the meaning of a criminal statute, in the process overruling the interpretation previously given to the statute by most lower courts. In Bancallari, 110 F.3d 1425 (9th Cir. 1996), the Ninth Circuit clarified the meaning of aiding and abetting an 18 U.S.C. § 924 (c) violation, in the process effectively defining an element of the violation in a way not previously defined by the Ninth Circuit. The

Ninth Circuit applied <u>Bancalari</u> retroactively. See <u>United States v. Nelson</u>, 137 F.3d 1094 (9th Cir. 1998).

In this proceeding petitioner alleges that an improper testimonial statement as defined in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004), applied retroactively by the Ninth Circuit in <u>Brockting v. Bayer</u>, No. 02-15866 (February 22, 2005), and not allowed for sentencing enhancements under <u>Specht v. Patterson</u>, 386 U.S. 605 (1967) was used to increase petitioner's sentence with a two-point gun enhancement.

Thus, *for pleading purposes*, petitioner has alleged circumstances that a § 2255 motion would be an inadequate or ineffective remedy and arguably a fundamental miscarriage of justice would result from a failure to entertain this claim.

Although the determination as to whether petitioner may properly bring his claim under §2241 is a close call, I have little difficulty in concluding that the Western District of Washington rather than this court, should decide the merits of the petition before the court. The decision to transfer is discretionary. <u>Conley v. Crabtree</u>, 14 F. Supp. 2d 1203, 1206 (D. Or. 1998). In this case, as in <u>Conley</u>, "the sentencing court, and the offices of the United States Attorney and the public defender that participated in the earlier proceeding, usually will be more familiar with the details of the case than their counterparts in Oregon." <u>Id</u>, at 1207. In

addition, transfer is consistent with the dichotomy that Congress established between the responsibilities of the sentencing court and those of the court in the district of incarceration. See, United States v. Hayman, 324 U.S. 205 (1952) (discussing purpose of § 2255).

Based on the foregoing, I find that the petition in this proceeding may fall within the narrow class of cases in which a § 2241 petition is an appropriate mechanism to challenge the validity of a conviction and sentence. The petition was properly filed in the District of Oregon. However, the District Court for the Western District of Washington, rather than this court, should decide the merits of the petition.

This matter is hereby transferred to the United States District Court for the Western District of Washington for all further proceedings.

IT IS SO ORDERED

DATED this 14 day of September, 2005.

_____
Ann Aiken
United States District Judge

5 - ORDER